UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-22533-KMW

RICARDO MESA RODRIGUEZ and all
others similarly situated under 29 U.S.C.
216(b),

    Plaintiff,

v.

A&R UNDERGROUND, LLC, and
ALBERTO RIVERA,

    Defendants.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, A&R UNDERGROUND, LLC, and ALBERTO RIVERA, by and through undersigned counsel and pursuant to the Federal Rule of Civil Procedure, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. Unknown therefore denied.

2. Unknown therefore denied.

3. Calls for legal conclusion therefore denied.

4. Calls for legal conclusion therefore denied.

5. Unknown therefore denied.

6. Denied.

7. Admitted for jurisdictional purposes only.

8. Legal conclusion not requiring admission or denial. To the extent that this allegation must be admitted or denied, it is denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Legal conclusion not requiring admission or denial. To the extent that this allegation must be admitted or denied, it is denied.

18. Denied.

19. Denied.

20. Denied.

## **AFFIRMATIVE DEFENSES**

As and for their affirmative defenses, Defendants state:

1. Defendants had a reasonable, good faith belief that they were not violating the FLSA and/or the Florida Minimum Wage Act, and are therefore not liable for liquidated damages.

2. Plaintiff's claims are barred because Defendant acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Dept. of Labor.

3. Plaintiff's claims are barred to the extent that any hours worked by the Plaintiff over forty-eight hours in any particular workweek was without knowledge, either actual or constructive of the Defendants.

4. To the extent Plaintiff obtains any recovery based on any FLSA claim, Plaintiff's claims for attorney's fees and costs are barred based on the authority of <u>Goss Killian v. Oaks House of Learning</u>, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

5. Plaintiff's claims for damages, if any, are barred because Defendants at all times acted in good faith and had reasonable grounds for believing that all policies and practices were not violations of the FLSA and/or the Florida Minimum Wage Age Act. The claims asserted by Plaintiff are barred by the doctrines of estoppel and/or estoppel by silence to the extent that Plaintiff actually worked hours in excess of those which are known to Defendants, inasmuch as Defendants are unaware of Plaintiff having worked any amount of hours approaching the number alleged in the Complaint.

6. Defendants are entitled to a set off for any money received by Plaintiff by virtue of any collateral source benefits, including but not limited to any monies received by Plaintiff from Worker's Compensation, insurer or agency that provided unemployment compensation benefits covering the applicable time periods raised by Plaintiff's Complaint.

7. Plaintiff's claim is barred in whole or in part in that Plaintiff failed to mitigate his damages, if any.

8. Plaintiff's claims are barred in whole or in part because Defendants properly paid Plaintiff all bona fide wages earned for work performed, and therefore was not in violation of the FLSA.

**<u>RESERVATION OF RIGHTS</u>**

Defendants hereby reserve the right to add or amend their affirmative defenses as and if necessary during the course of discovery in this case.

WHEREFORE, for the foregoing reasons, Defendants, A & R UNDERGROUND, LLC, and ALBERTO RIVERA, respectfully request that this Court dismiss Plaintiff's Complaint, and

grant Defendants all such other and further relief as this Court deems just and proper including but not limited to an award of all of Defendants' reasonable attorney's fees and costs incurred in defending this action, and all such other relief as is deemed just and equitable under the circumstances.

        Respectfully Submitted,

        **Law Offices of Nolan Klein, P.A.**
        *Attorneys for Defendants*
        Wells Fargo Tower – Suite 1500
        One East Broward Blvd.
        Fort Lauderdale, FL  33301
        PH:     (954) 745-0588

        By:  */s/ Nolan K. Klein*
            NOLAN K. KLEIN
            Florida Bar No. 647977
            klein@nklegal.com
            amy@nklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF this **18th** of **August**, 2015.

        By:  */s/ Nolan K. Klein*
            NOLAN K. KLEIN
            Florida Bar No. 647977

## SERVICE LIST:

**J.H. Zidell, Esquire**
Florida Bar No. 0010121
**Elizabeth Olivia Hueber, Esquire**
Florida Bar No. 0073061
**Julia M. Garrett, Esquire**
Florida Bar No. 105151
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Ph:    (305) 865-6766
Fax:   (305) 865-7167
*zabogado@aol.com*
*elizabeth.hueber.esq@gmail.com*
*jgarrett.jhzidellpa@gmail.com*
***Attorneys for Plaintiff, Ricardo Mesa Rodriguez***